SMITH *a.* MEAD.

*Supreme Court, First District; General Term, March,* 1862.

FRIVOLOUSNESS OF A PLEADING.

To warrant striking out a pleading as frivolous, it must be clearly bad on inspection merely.

In an action upon a negotiable instrument, an answer that the plaintiff, prior to the commencement of the action, for a good consideration, sold and delivered the notes to *John Doe,* who was the owner and holder of the note at the commencement of the action, is not frivolous.

Appeal from a judgment upon an answer as frivolous.

This was an action upon two promissory notes made by the defendants, payable to their own order, and by them indorsed and delivered to the plaintiff. The answer was as follows:

(TITLE OF THE CAUSE.)

"The defendants, for answer to the complaint of the plaintiff in this action, say—

"They admit that heretofore they executed and delivered two promissory notes to the plaintiff, but the defendants deny, on information and belief, that the description of said notes, as·set forth in the complaint, is a true description of said notes, or correctly states the terms thereof.

"Defendants, further answering, deny, on information and belief, that the plaintiff is now, or was at the time of the commencement of this action, the lawful and *bona-fide* owner and holder of the promissory notes mentioned in said complaint, or either of them; and, on information and belief, they deny that said plaintiff has any interest in either of said notes whatever, and, on information and belief, defendants aver, that prior to the commencement of this action said plaintiff sold and delivered said notes for a valuable consideration to one John Doe; and, on information and belief, they aver, that the said John Doe is and was, at the time of the commencement of this

Smith *a.* Mead.

action, the lawful owner and holder of said notes. Wherefore the defendants demand that said complaint be dismissed with costs."

(SIGNATURE AND VERIFICATION.

On plaintiff's motion, judgment was given by Mr. Justice Barnard upon the answer as frivolous. The defendants appealed.

*Ranken & Reavey*, for the appellants.—I. The answer denies that plaintiff is the lawful owner and holder of the notes complained of. It is the denial of a material allegation, and is, therefore, not frivolous. (McKnight *a.* Hunt, 3 *Duer*, 615; Davis *a.* Potter, 4 *How. Pr.*, 155; Lord *a.* Chesebrough, 4 *Sandf.*, 696; Caswell *a.* Bushnell, 14 *Barb.*, 393.)

II. The objection to the entire "answer," as frivolous, should have been taken by demurrer, and not otherwise. (Hull *a.* Smith, 8 *How. Pr.*, 149.)

III. If the answer denies a material allegation of the complaint, it is not frivolous. (Hull *a.* Smith, 8 *How. Pr.*, 149; Edson *a.* Dillaye, 8 *Ib.*, 273; Davis *a.* Potter, 4 *Ib.*, 155; Hecker *a.* Mitchell, 5 *Abbotts' Pr.*, 453; Lord *a.* Chesebrough, 4 *Sandf.*, 696; Temple *a.* Murray, 6 *How. Pr.*, 329.)

IV. The denial of any interest of plaintiff in the notes, coupled with the allegation of the transfer of said notes, was a sufficient cause of defence to put plaintiff on his proof. (Lord *a.* Chesebrough, 4 *Sandf.*, 696; Snyder *a.* White, 6 *How. Pr.*, 321; Temple *a.* Murray, *Ib.*, 329; Sherman *a.* Bushnell, 7 *Ib.*, 171; Brown *a.* Ryckman, 12 *Ib.*, 313; Flood *a.* Reynolds, 13 *Ib.*, 112; Met. Bank *a.* Lord, 1 *Abbotts' Pr.*, 185; Hecker *a.* Mitchell, 5 *Ib.*, 453.)

V. The allegation that plaintiff sold the notes and transferred all his interest in them before the commencement of the action, clearly negatives the right of plaintiff to recover, and is sufficient to put him on his proof. If such averment is considered new matter, but insufficient to constitute a defence, the remedy was by demurrer, and not as taken. (Kneedler *a.* Sternbergh, 10 *How. Pr.*, 67; Stewart *a.* Travis, *Ib.*, 148.)

VI. If by the answer there is a doubt of the plaintiff's right to recover upon the pleadings as framed, the court will not and ought not to adopt the stringent, summary mode of giving judg-

ment, by striking out, or giving judgment upon, a pleading as frivolous. (Temple *a.* Murray, 6 *How. Pr.*, 329; Rae *a.* Washington Mut. Ins. Co., 1 *Code R.*, *N. S.*, 185.)

VII. If the defence set up by the answer is not so glaringly insufficient that the court can determine its frivolousness upon a bare inspection, without argument, the answer should not be adjudged to be frivolous. (Nichols *a.* Jones, 6 *How. Pr.*, 355; Lefferts *a.* Snediker, 1 *Abbotts' Pr.*, 41.)

*Phelps & Knevals*, for the respondent.—I. The denials in the answer are insufficient and defective as to form. The defendants "deny, on information and belief," &c. Thorn *a.* N. Y. Central Mills (10 *How. Pr.*, 19), holds that "the construction of the amended section (*Code*, § 149) now is, that the defendant must deny absolutely, without any qualification whatever, unless he can deny that he has either knowledge or information sufficient to form a belief. When he cannot do this, or when he has knowledge or information and has formed a belief, he must deny positively; for he cannot traverse the allegation now except in one of two modes." (See also Elton *a.* Markham, 20 *Barb.*, 343; Hacket *a.* Richards, 3 *E. D. Smith*, 13; Walker *a.* Hewitt, 11 *How. Pr.*, 395.) And if the defendants wished to rebut the presumption of bad faith, they should have supported their answer by a special affidavit showing the grounds on which their information and belief were founded. (The People *a.* McCumber, 15 *How. Pr.*, 186.)

II. The denial that the plaintiff is the lawful owner and holder of the notes, is immaterial and frivolous. There is no such allegation in the complaint, nor is it necessary. (Flammer *a.* Kline, 9 *How. Pr.*, 215; Edson *a.* Dillaye, 8 *Ib.*, 273; Seeley *a.* Engell, 17 *Barb.*, 530; Witherspoon *a.* Van Dolar, 15 *How. Pr.*, 266; Catlin *a.* Gunter, 1 *Duer*, 253; Fleury *a.* Roget, 5 *Sandf.*, 646; Gilbert *a.* Covell, 16 *How. Pr.*, 34; De Santes *a.* Searle, 11 *Ib.*, 477.) Nor is the allegation aided by pleading a transfer to "John Doe." 1. "John Doe" is the conventional legal fiction, and means anybody or nobody. 2. But it would not help the matter if a transfer to an actual living person was charged in the answer. (Witherspoon *a.* Van Dolar, 15 *How. Pr.*, 266; Brown *a.* Ryckman, 12 *Ib.*, 313.)

III. Under section 247, the court has ample power to order

judgment absolutely for the plaintiff. (Witherspoon *a.* Van Dolar, 15 *How. Pr.*, 266.)

By the Court.*—Ingraham, J.—It has been repeatedly held in this court, that an answer simply denying that the plaintiff is the lawful owner and holder of a note on which the action is brought, is bad. Such an answer at the present day is considered frivolous. The present answer, however, goes further, and avers that the plaintiff, prior to the commencement of this action, for a good consideration, sold and delivered the notes to a third person, who is named, and that he was, at the commencement of the action, the lawful owner and holder of the notes. We cannot say this answer to be frivolous. If the defendants should prove this on the trial, it would prevent a recovery by the plaintiff, unless he showed that the title to the note had again been vested in him. There is ground for supposing the defence a very doubtful one, but if not true, the remedy is by a motion to strike out the answer as false, on the plaintiff's affidavit. To warrant the court in striking it out as frivolous, it must be clearly bad on inspection merely, and not require an argument to convince the court thereof. If it is doubtful whether the answer is sufficient or not, it is not frivolous.

Leonard, J., and Clerke, P. J., concurred.

Order at chambers reversed, without costs, and without prejudice to a motion to strike out the answer as false.

* Present, Clerke, P. J., Ingraham and Leonard, JJ.